Saundra McCLANAHAN, Appellant,

v.

GLOBAL SECURITY SERVICE,
CO., INC., Respondent.

No. ED 76883.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 3, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Coggan R. Mills, Nancy W. Mills, Clayton, for appellant.

Daniel T. Rabbitt, Christopher J. Lang, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Saundra McClanahan, ("appellant"), appeals from the judgment of the Circuit Court of the City of St. Louis, granting a motion for summary judgment in favor of respondent, Global Security Service, Co., Inc., ("respondent"). We reverse and remand.

Appellant was an employee of Schnucks Markets, Inc., ("Schnucks"), located at 4157 North Grand Avenue, in the City of St. Louis. Respondent provides security services for Schnucks at this location. On April 24, 1997, appellant went to Schnucks, on her day off, to pick up her paycheck and do some light shopping. She picked up her paycheck, did her shopping, checked out, and paid for all the items.

However, as appellant had purchased duplicate packages of ribs and wings, she decided that she did not need all the items purchased. She returned one package of ribs, wings and some butter, where she was given a refund in the amount of $14.13 for the items. According to appellant, she took the items for which she had been refunded and offered them to the sole bagger on duty, who informed her that she was busy. Appellant returned the items herself, bagged her groceries and left the store.

Randall Watson, ("Watson"), a security officer acting on behalf of respondent, was on duty at Schnucks. According to Watson, he observed appellant approach a checkout lane carrying certain grocery items, including a bag of chicken wings, a package of ribs, and a block of Pevely butter. He left the store to talk to another detective outside the store. When he re-entered the store, he observed appellant place the above items in her bag of groceries. When the checker turned her back, appellant took a pack of cigarettes, placed it in her right front pocket and left the store. Suspecting that appellant had taken items from the store without paying for them, Watson questioned the checker, who informed him that appellant paid for the items, but wanted a refund for some of the above items. Watson also was informed by the customer service center that appellant received a refund for some of the items.

On April 25, 1997, appellant returned to the store, on her regular shift, at 4:00 p.m., to begin work. When she entered the store, she was met by an assistant manager, who requested she accompany him to the store manager's office. In the office, she was met by the manager, a loss prevention manager, and Watson. Appellant was accused of taking items from the store without paying for them and that Watson reported observing such. Appellant denied the charges. On reporting for work on May 1, 1997, she was terminated for the alleged offense.

Appellant filed a suit against respondent, claiming that she was falsely accused by Watson, an employee of respondent, of stealing merchandise from Schnucks. She alleged that as a result of said accusation, she was discharged from her employment with Schnucks. Respondent filed a motion for summary judgment. The trial court granted respondent's motion for summary judgment on the ground that Watson's statements are entitled to qualified immunity and appellant has failed to produce sufficient evidence of malice to defeat said qualified immunity. Appellant appeals.

Appellate review of motion for summary judgment is essentially de novo. *ITT Commercial Finance v. Mid-Am. Marine,* 854 S.W.2d 371, 376 (Mo.banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.* "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* "We accord the non-movant the benefit of all

reasonable inferences from the record." *Id.*

On her sole point, appellant argues the trial court erred in granting respondent's motion for summary judgment. She argues the issue of whether Watson's statements to Schnuck's management were malicious, in that they were made with reckless disregard for whether the statements made were true or false, is for the jury to decide. Thus, she contends that the grant of respondent's motion for summary judgment was inappropriate. We agree.

■ "The common law provides the defamation defendant with three general types of defenses. First, truth may always be asserted as an absolute defense. Mo. Const. art. I, § 8. Second, certain statements are absolutely privileged.... Third, other statements receive a conditional or qualified privilege." *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo.banc 1996) (quoting *Henry v. Halliburton*, 690 S.W.2d 775, 780 (Mo.banc 1985)). "A communication is held to be qualifiedly privileged when it is made in good faith upon any subject-matter in which the person making the communication has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty, although it contains matter which, without such privilege, would be actionable." *Id.* at 244. (quoting *Carter v. Willert Home Products, Inc.*, 714 S.W.2d 506, 513 (Mo.banc 1986)).

■ However, malice is an exception to the qualified privilege communication. *Id.* at 244. In order to prove malice, the plaintiff has to show "the statements were made with knowledge that they were false or with reckless disregard for whether they were true or false at a time when defendant had serious doubts as to whether they were true." *Id.* (quoting *Carter*, 714 S.W.2d at 512.) The recklessness standard is satisfied by statements made without any factual basis. *Id.* The determination of whether a defense of qualified

privilege applies is a matter of law to be decided by the trial court. *Id.* On the other hand, the question of malice is a jury question, "unless there is no substantial evidence of express or actual malice, in which case the court should direct a verdict." *Wright v. Over–The–Road*, 945 S.W.2d 481, 490 (Mo.App. W.D.1997) (quoting *Estes v. Lawton–Byrne–Bruner Ins. Agency Co.*, 437 S.W.2d 685, 691 (Mo.App. 1969)).

■ In the case at bar, we conclude that appellant presented sufficient evidence on the issue of malice to submit that issue to a jury. Watson observed appellant walk to the register to pay for her groceries. Watson left the store to speak with another detective outside the store. He re-entered the store and saw appellant bagging her groceries. Watson also observed that when the checker turned her back, appellant took a pack of cigarettes, placed it in her right front pocket and left the store. Suspecting that appellant had taken items from the store without paying for it, Watson questioned the checker, who informed him that appellant paid for her groceries, including the cigarettes but had wanted a refund for some of the items. Watson questioned the customer service attendant, who informed him that appellant was refunded for some items and showed him the refund slip and receipt. At no time did Watson stop and search appellant to verify his suspicion of whether appellant paid for the cigarettes and the refunded items contained in her bag. Rather Watson reported to Schnucks' management and based on Watson's observation and statements, appellant was accused of stealing and was terminated from her employment with Schnucks. We conclude that the above facts are sufficient to submit the issue of malice to the jury to decide whether Watson's statements were made with reckless disregard for whether the statements were true or false at the time when there were serious questions as to whether the statements were true.

Therefore, we reverse the judgment of the trial court granting respondent's motion for summary judgment and remand the case for trial.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.