# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3801

_____

| | | |
|---|---|---|
| William J. Kiser, II, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of Huron, South Dakota; | * | Appeal from the United States |
| Larry Quam, and Other Unknown | * | District Court for the |
| Police Officers of the City of Huron, | * | District of South Dakota. |
| John Does, | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: June 13, 2000
Filed: July 27, 2000

_____

Before LOKEN and BRIGHT, Circuit Judges, and HAND[1], District Judge.

_____

BRIGHT, Circuit Judge.

After his former girlfriend complained to the police department in the City of Huron, South Dakota ("City"), William J. Kiser, II ("Kiser") was arrested on a number of felony charges, including kidnapping and assault. Kiser was indicted by a grand jury

---

[1]The Honorable William Brevard Hand, United States District Judge for the Southern District of Alabama, sitting by designation.

on two of these charges—kidnapping and simple assault. The prosecutor later reduced these charges to one count of disorderly conduct, a misdemeanor. Kiser pleaded guilty to this charge and subsequently brought this civil rights suit, under 42 U.S.C. § 1983, naming the City, Officer Larry Quam ("Quam"), and other unknown police officers as defendants. Kiser's complaint alleged that the defendants were unjustified in arresting him without a warrant.

On defendants' motion to dismiss on summary judgment, the district court[2] found that Kiser's arrest was supported by probable cause and, thus, that all of the police officers were entitled to qualified immunity. On that basis, the court reasoned that the police officers were entitled to summary judgment in this case and, further, that Kiser could not prevail against the City.

We affirm.

## I.    BACKGROUND

On January 26, 1997, Kim R. Collins ("Collins"), Kiser's ex-girlfriend, came to the City's police department and claimed that she had been kidnapped. When she arrived at the department, the officer on duty (Quam) interviewed her. Among many other details, Collins reported to Officer Quam that Kiser confronted her in a local parking lot, took her car keys, seized her by force, and drove her to a remote location against her will. Although Kiser later released Collins unharmed, she was frightened and wanted to press charges.

---

[2]The Honorable Lawrence J. Piersol, Chief Judge, United States District Court for the District of South Dakota.

Shortly after Officer Quam finished his interview with Collins, and solely on the strength of her representations therein, Quam and other officers arrested Kiser without first obtaining a warrant.

On January 30, 1997, Collins and her then-current boyfriend, Robbie Mitzel, appeared and testified before a county grand jury. After deliberation, the grand jury ultimately returned indictments against Kiser for kidnapping and simple assault. As previously noted however, the prosecution reduced the charges to a single count of misdemeanor disorderly conduct, and Kiser pleaded guilty.

On December 31, 1997, Kiser brought the present suit in the district court, under 42 U.S.C. § 1983. Kiser alleged that Quam arrested him in violation of the Fourth, Fifth, and Fourteenth Amendments, and that the City incurred liability to Kiser based on Quam's actions, on a failure-to-train theory. In an order dated September 13, 1999, however, the district court granted defendants' motion for summary judgment after concluding that: (1) Kiser's arrest was supported by probable cause, and Quam was therefore entitled to qualified immunity from suit; and (2) the City could not be held liable because Kiser had not prevailed on his underlying substantive claim against the officers.

This timely appeal follows, and Kiser argues that both of the district court's conclusions were, as a matter of law, erroneous.

## II.    DISCUSSION

When we consider a district court's decision to grant summary judgment, our review is made de novo, see Olinger v. Larson, 134 F.3d 1362, 1365 (8th Cir. 1998), and we will affirm where the record shows that the prevailing party is entitled to judgment as a matter of law. See Brodnicki v. City of Omaha, 75 F.3d 1261, 1264 (8th Cir. 1996).

### A.    Officer Quam

On appeal, Kiser argues that the district court erred when it concluded that Officer Quam had probable cause to arrest him.  Absent probable cause, a warrantless arrest may support a claim under § 1983.  See Hannah v. City of Overland, 795 F.2d 1385, 1389 (8th Cir. 1986).  With probable cause, however, a police officer may lawfully arrest an individual on felony charges, even without the benefit of a warrant.  See Olinger, 134 F.3d at 1366 (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  Furthermore, "[a]n officer has probable cause to make a warrantless arrest when facts known to the officer are sufficient to make a reasonably prudent officer believe that the suspect is committing or has committed an offense."  Id.

In this case, Officer Quam received a credible and unsolicited report from the alleged victim.  That report, although admittedly one-sided, contained sufficient detail to suggest that the complainant spoke truthfully.[3]  Kiser argues that Officer Quam should have obtained an arrest warrant or, at a minimum, conducted an additional investigation before arresting him.  We disagree.  Based solely on Collins's allegations, a reasonably prudent officer in Quam's position would have sufficient grounds to believe that Kiser had committed a serious criminal offense.  In order to establish probable cause, no more is required.  See Brodnicki, 75 F.3d at 1264-65.

We agree with the district court that the undisputed facts show probable cause supported Quam's warrantless arrest of Kiser.  Thus, the district court properly granted summary judgment dismissing the action against Officer Quam and the other policemen who participated in Kiser's arrest.  See id. at 1266 (no basis for § 1983 claim where officers had probable cause).

---

[3] Indeed, the victim's testimony before the grand jury conformed in all material respects to the account she gave to Officer Quam, and the grand jury clearly credited that testimony as well.

## B.    City of Huron

Kiser also argues that the district court erred in granting summary judgment in favor of the City.  In light of our holding with respect to Officer Quam, this claim cannot succeed.  We have previously held that when a § 1983 plaintiff seeks to hold a municipality liable based on its alleged inadequate training and supervision of its police officers the plaintiff must first establish that the officers' actions were unlawful.  See Olinger, 134 F.3d at 1367 (quoting  Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994))("The City cannot be liable . . . whether on a failure to train theory or a municipal custom or policy theory, unless [an officer] is found liable on the underlying substantive claim.").

Here, because Officer Quam is entitled to qualified immunity and attendant summary judgment, Kiser cannot establish the requisite underlying claim.  Thus, the district court was correct to conclude that the City is likewise entitled to summary judgment as a matter of law.

## III.    CONCLUSION

The district court was correct to grant summary judgment in favor of both defendants in this case because the facts, as they were related to Officer Quam, furnished probable cause to arrest Kiser.  As a result, Quam and the other officers were entitled to qualified immunity from suit.  Kiser's suit against the City must also fail because he has not established an underlying constitutional violation.  Therefore, the district court's summary judgment of dismissal is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.