# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2248WM

_____

| | | |
|---|---|---|
| Marc Perkel, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of Springfield, Missouri; Kevin | * | |
| A. Hollie, Police Officer; Kent Shipley, | * | |
| Police Officer; Kevin Routh, Police | * | On Appeal from the United |
| Sergeant; Robert Greer, Police | * | States District Court |
| Sergeant; Lynn Rowe, Police Chief; | * | for the Western District |
| Thomas Finney, City Manager; | * | of Missouri. |
| Leland Gannaway, Mayor; Bob | * | |
| Vanaman, Zone 1 Council; Shelia O. | * | [Not To Be Published] |
| Wright, Zone 2 Council; Conrad | * | |
| Griggs, Zone 3 Council; Russell | * | |
| Rhodes, Zone 4 Council; Thomas J. | * | |
| Carlson, General Council A; Gary | * | |
| Gibson, General Council B; Teri | * | |
| Hacker, General Council C; Bob | * | |
| Chancellor, General Council D, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 2, 2001
Filed:  May 29, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
    Circuit Judges.

_____

PER CURIAM.

Marc Perkel appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he alleged that the City of Springfield, Missouri, and some of the City's police officers and employees violated the Constitution and state laws by arresting him, detaining him, and generating a police report that contained defamatory statements about him. We affirm.

After de novo review, see Hawkins v. City of Farmington, 189 F.3d 695, 705-06 (8th Cir. 1999), we conclude that defendants were entitled to judgment as a matter of law on all of plaintiff's federal claims. The warrantless arrest outside of plaintiff's home was lawful, because the arresting officers had probable cause to arrest him for trespassing based on the trespassing victim's report. See Greiner v. City of Champlin, 27 F.3d 1346, 1353 (8th Cir. 1994) (when warrantless arrest for misdemeanor occurs outside house, police need only probable cause); see also Kiser v. City of Huron, 219 F.3d 814, 815-16 (8th Cir. 2000) (where police officer received credible and unsolicited report from alleged kidnaping victim and report contained sufficient detail to suggest victim spoke truthfully, officer had probable cause to arrest § 1983 plaintiff for felony without warrant). The protective sweep of plaintiff's house incident to the arrest also was lawful. See Maryland v. Buie, 494 U.S. 325, 334-37 (1990) (officers may conduct protective sweep of premises incident to lawful arrest). Further, the conditions in the holding cell where plaintiff was detained for ten hours were not so deplorable as to deprive him of the minimal civilized measures of life's necessities. See Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999).

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

We also conclude that defendants were entitled to judgment as a matter of law on all of plaintiff's state law claims. First, plaintiff did not dispute at his deposition that the statements contained in the police report were true. See McClanahan v. Global Sec. Serv. Co., 26 S.W.3d 291, 293 (Mo. App. 2000) (truth is absolute defense to defamation action). Second, plaintiff's embarrassment about the statements in the police report was insufficient to sustain an intentional-infliction-of-emotional-distress claim. See Balke v. Ream, 33 S.W.3d 589, 595 (Mo. App. 2000) (plaintiff must show, among other things, that defendant's conduct caused plaintiff severe emotional distress resulting in bodily harm). Third, the arresting officers had probable cause to believe that plaintiff had committed trespass. See Simpson v. Indopco, Inc., 18 S.W.3d 470, 473 (Mo. App. 2000) (for malicious-prosecution claim, plaintiff must provide "strict and clear proof" of, among other things, want of probable cause for prosecution). Last, plaintiff's ten-hour confinement was permissible under Missouri law. See Mo. Rev. Stat. § 544.170 (2000) (person arrested without warrant may be confined in jail for up to 20 hours).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.