# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-1545

————————

Kenneth S. Benigni,                  *
                                          *

           Appellant,          *
                                          *

      v.                          *   Appeal from the United States
                                          *   District Court for the District

Christopher Smith, in his individual and *   of Minnesota.
official capacities as law enforcement  *
officer of the City of Proctor; City of   *      [UNPUBLISHED]
Proctor, Minnesota; Bergitta Engstrom,  *
in her individual and official capacities, *
                                          *

           Appellees.         *

————————

Submitted: November 18, 2004
Filed: January 6, 2005

————————

Before WOLLMAN and HEANEY, Circuit Judges, and HOLMES,[1] District Judge.

————————

PER CURIAM.

———————————————

[1] The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Kenneth Begnini appeals a summary judgment in which the district court[2] held that Officer Christopher Smith has qualified immunity with respect to Begnini's Fourth and First Amendment claims through 42 U.S.C. § 1983, and that Smith and the City of Proctor have official immunity under state law on Begnini's state law claims. We affirm.

Smith arrested Begnini following a 911 call from an employee of a rest stop. The employee reported, "[w]e have a man up here who's causing problems. We have reported him in the past . . . . [a]nd he's become fairly verbally abusive, demanding that I go in and take a note down that was made up about him . . . . [a]nd I think we need you to come and check. He's been here before. He's gotten very abusive in the past." The scene when Smith arrived confirmed the report that Begnini was at the center of a disturbance. After some verbal resistence, Smith persuaded Begnini to go outside. Smith pushed Begnini in the back twice as Begnini was leaving with him. Neither push caused Begnini to fall or to suffer any injury. After the second push, Begnini turned around and walked backwards, which caused him to fall over a garbage can. Smith arrested Begnini for disorderly conduct. Minn. Stat. § 609.72. Smith also handcuffed Begnini.

We review de novo a district court's grant of qualified immunity on summary judgment. *Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001). Begnini cites Minn. Stat. § 629.34 subd. 1(c) and several Minnesota cases for the proposition that an officer can make a warrant-less arrest for a misdemeanor only when the misdemeanor is committed in the officer's presence. However, an officer's violation of state law does not establish a Fourth Amendment violation. *Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994). In a § 1983 case, the issue is whether the officer should

---

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

have known that the arrest violated clearly established rights under the Fourth Amendment, not whether the officer violated state law. "The Supreme Court has never held that a police officer violates the Fourth Amendment merely by arresting someone without a warrant for a misdemeanor offense which did not occur in the officer's presence and/or did not involve a breach of the peace." *Woods v. City of Chicago*, 234 F.3d 979, 992 (7th Cir. 2000). *See also Street v. Surdyka*, 492 F.2d 368, 371-72 (4th Cir. 1974). An officer making an arrest has qualified immunity unless the officer should have known that the arrest violated plaintiff's clearly established rights under the Fourth Amendment, which is to say that the issue is whether there was arguable probable cause for the arrest. *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996). Determining whether there was arguable probable cause requires the court to look at the facts known to the officer at the time of the arrest to determine whether the arrest was reasonable. *Kiser v. City of Huron*, 219 F.3d 814, 816 (8th Cir. 2000). Officers are entitled to rely on the veracity of information supplied by the victim of a crime. *Id*.; *Anderson v. Cass County*, 367 F.3d 741, 746 (8th Cir. 2004). The facts known to Smith at the time he arrested Begnini gave him arguable probable cause for the arrest. Therefore, the district court correctly held that Smith has qualified immunity with respect to the arrest. Likewise, the district court correctly held that the minimum use of force by Smith did not give rise to a constitutional violation. *Crumley v. City of St. Paul, Minnesota*, 324 F.3d 1003, 1007 (8th Cir. 2003); *Curd v. City Court of Judsonia, Arkansas*, 141 F.3d 839, 841 (8th Cir. 1998); *Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1081-82 (8th Cir. 1990). Our holding that Smith has qualified immunity for the alleged unlawful arrest disposes of Begnini's argument that Smith arrested him in retaliation for the exercise of his First Amendment rights. *Foster*, 914 F.2d at 1080.

Finally, the district court held that official immunity protects Smith and the City of Proctor from Begnini's state law claims, citing *Kelly v. City of Minneapolis*, 598 N.W.2d 657, 664 (Minn. 1999), and *Wiederholt v. City of Minneapolis*, 581 N.W.2d 312, 316 (Minn. 1998). We agree.

The judgment is affirmed.

_____