# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1660

_____

Virginia Janis, as Personal                         *
Representative for the Estate of                     *
Oliver Richards,                                     *
                                                     *
                                                     *
          Plaintiff - Appellant,                     *
                                                     *     Appeal from the United States
     v.                                              *     District Court for the
                                                     *     District of South Dakota
                                                     *
                                                     *
Jim Biesheuvel, individually and                     *
in his official capacity as Deputy Sheriff           *
of the Custer County Sheriff's Office,               *
Custer County, State of South Dakota;                *
State of South Dakota; South Dakota                  *
Highway Patrol, a political subdivision              *
of the State of South Dakota, as employer            *
of Trooper Garstenshlager; Trooper Ted               *
Garstenshlager, individually and in his              *
official capacity of the South Dakota                *
Highway Patrol; Custer County, South                 *
Dakota, as employer of Deputy Biesheuvel             *
and as a political subdivision of the State          *
of South Dakota; Custer County Sheriff's             *
Department, as employer of Jim Biesheuvel,           *
and as a political subdivision of Custer             *
County; John Doe One through Three,                   *
jointly, severally, and individually,                *
                                                     *
                                                     *
          Defendants - Appellees.                    *

_____

Submitted:  September 12, 2005
Filed: October 25, 2005

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Oliver Richards brought this action alleging that law enforcement used excessive force in their arrest of Richards near Custer, South Dakota.  The district court[1] granted summary judgment in favor of the defendants.  It held that Richards had not produced sufficient evidence to demonstrate that his Fourth Amendment rights had been violated, and that the officers were entitled to qualified immunity. Virginia Janis, on behalf of the estate of Oliver Richards, brings this appeal.  We affirm.

I.  Background

On May 16, 2003, Oliver Richards's vehicle headed northbound on Highway 79 near Angostura, South Dakota.  He was traveling at approximately 40-45 mph on the 65 mph highway.  South Dakota Department of Game, Fish and Parks ("GFP") officers observed Richards driving erratically.  GFP officers turned on their flashing blue lights, attempted to pull-over Richards's vehicle, and radioed in to the South Dakota Highway Patrol and Custer County Sheriff's Office that they were in pursuit

---

[1] The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

of a possible drunk driver. GFP officers, Highway Patrol officers, and Deputies from the Custer County Sheriff's Office pursued Richards for approximately thirty minutes with their flashing overhead lights and sirens on. Richards did not stop. Because Richards would not stop, the South Dakota Highway Patrol District Commander authorized the deployment of tire-deflating spikes. Richards drove over the spikes but kept going even though his tires were deflating and multiple law enforcement vehicles were present with their emergency lights and sirens activated. Authorities then set up a "rolling roadblock" in which law enforcement vehicles pulled in front of, and behind, Richards's vehicle and then slowed down until his vehicle was stopped on the side of the road.

Law enforcement officers approached Richards's car and demanded he exit the vehicle. Richards refused repeated commands to exit the car. At that point, Deputy Sheriff Jim Biesheuvel of the Custer County Sheriff's Office and Trooper Ted Garstenschlager of the South Dakota Highway Patrol reached through the open driver's door, grabbed Richards's arms, and pried his grip from the steering wheel. The officers then pulled Richards out of the vehicle and placed him on the road,[2] face down. The officers put Richards's arms behind his back and handcuffed him. Richards complained of pain in his left arm and shoulder. Officers then took Richards to the side of the road, where they determined that he was not intoxicated, but rather was suffering from diabetic shock. Officers called for an ambulance and removed Richards's handcuffs. Officers gave Richards a glucose tube and administered medical care for several cuts on his wrists and a cut over his eye until the ambulance arrived.[3]

---

[2] The degree of force used in moving him from the car to the road is at issue in this case.

[3] It is not clear from the record whether the cuts to Richards' wrist were sustained prior to Richards' seizure by the officers. Richards conceded that the blood on his face was present before he was removed from the vehicle.

On May 13, 2004, Richards brought this action alleging that the officers violated his constitutional rights. He alleged that the officers used excessive force when they removed him from the car and handcuffed him on the ground, in violation of 42 U.S.C. § 1983. Richards also alleged that the law enforcement agencies failed to properly train, supervise, discipline, and control their officers. Finally, Richards alleged negligent hiring, supervision, and training under South Dakota law. Defendants claimed in their answers that they were entitled to qualified and sovereign immunity on all claims. As a result of these defenses, the district court issued an order requiring the defendants to move for summary judgment. The district court also ordered that discovery not proceed until the defenses were resolved.

On August 9, 2004, Richards moved for reconsideration of the district court's order limiting discovery and requested that defendants' motion be held in abeyance until discovery was completed. While these motions were pending, Oliver Richards died from causes unrelated to the incidents that gave rise to this lawsuit. Virginia Janis, as personal representative of Richards's estate, was substituted in his place.

On December 28, 2004, the district court granted summary judgment in favor of the defendants. The district court also denied Janis's motion to reconsider its order limiting discovery and stay resolution of the motions for summary judgment pending discovery. Janis now brings this timely appeal.

II. Discussion

A. Excessive Force Claim

We review de novo a grant of summary judgment based on qualified immunity. Seiner v. Drenon, 304 F.3d 810, 812 (8th Cir. 2002). Under Federal Rule of Civil Procedure 56 (c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A motion for summary judgment places an affirmative burden on the non-moving party to go beyond the pleadings and, by affidavit or otherwise, produce specific facts that show that there is a genuine issue for trial. Fed R. Civ. P. 56(e).

To determine whether a defendant is entitled to qualified immunity, we engage in a two-part analysis. Littrell v. Franklin, 388 F.3d 578, 582 (8th Cir. 2004). First, we examine "whether, construed in a light most favorable to the party asserting the injury, the facts alleged show the officers' conduct violated a constitutional right." Andrews v. Fuoss, 417 F.3d 813, 816; see also Littrell, 388 F.3d at 582 ("The 'existence or nonexistence of a constitutional right' is, therefore, the threshold question.") (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Second, we must determine whether the right was clearly established. Littrell, 388 F.3d at 582. This second step is a "fact-intensive inquiry and 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Id. at 583 (quoting Saucier, 533 U.S. at 201.). A constitutional right is clearly established if "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "Thus, . . . in light of the Anderson definition of clearly established, the question whether the . . . right was clearly established at the time the defendant acted . . . requires an assessment of whether the official's conduct would have been objectively reasonable at the time of the incident." Littrell, 388 F.3d at 583 (internal quotations and citations omitted).

In this case, Janis asserts that the officers violated Richards's right to be free from excessive force. We analyze excessive force claims in the context of seizures under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989). "To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, 'the test is whether the amount of force used was objectively

reasonable under the particular circumstances.'" <u>Litrell</u>, 388 F.3d at 583 (quoting <u>Greiner v. City of Champlin</u>, 27 F.3d 1346, 1354 (8th Cir. 1994). We judge the reasonableness of an officer's use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." <u>Graham</u>, 490 U.S. at 396.

Viewing the evidence in this case in a light most favorable to Janis, we conclude that Janis has failed to meet her burden of proving that an issue of material fact exists as to whether the amount of force used was objectively unreasonable under the circumstances, and, therefore, she did not show that the defendants violated a constitutional right. Accordingly, we need not reach the second step of the qualified immunity analysis.

In the present case, the defendants believed that Richards was intoxicated while operating his vehicle. They reached this conclusion after having observed Richards driving erratically. Based on this belief, they attempted to stop his vehicle in a thirty-minute pursuit. When Richards would not stop, they used tire-deflating spikes. When this did not stop Richards, they employed a rolling roadblock. The officers were entitled to stop Richards and ask him to exit his vehicle. <u>See</u> <u>United States v. Mallari</u>, 334 F.3d 765, 766-67 (8th Cir. 2003) (stating that a traffic stop is justified when an officer has an objectively reasonable basis for believing a traffic law has been violated).

Once they were able to stop Richards, the officers ordered him to exit his vehicle. This action was also reasonable. <u>Smith v. Ball State Univ.</u>, 295 F.3d 763, 770 (7th Cir. 2002) (citing <u>Pennsylvania v. Mimms</u> 434 U.S. 106, 110-11 (1977)) (holding that safety concerns justify asking a driver to step out a vehicle). "When [Richards] failed to do so, the officers were justified in using force to remove him, particularly given the potential threat to public safety of an [impaired] driver in command of a running vehicle." <u>Smith</u>, 295 F.3d at 770.

Janis asserts that the officers' actions were excessive in prying Richards's hands from the steering wheel and pulling him from the car. In particular, Janis argues that the officers roughly and unreasonably shoved Richards face first onto the concrete highway. Viewing the evidence put forth by Janis in a light most favorable to her case, the evidence does not support these assertions. Janis also argues that the officers' actions in pulling Richards from the car were unreasonable given that Richards was an unarmed, frail, frightened, elderly man who was not intoxicated. Janis argues that Richards was in diabetic shock and was simply scared and hard of hearing, and therefore posed no risk to the officers or anyone else. At the time they pulled Richards from the car, however, the officers did not know that Richards's actions were the result of a diabetic seizure, not intoxication. Further, the officers did not know what level of risk Richards posed (i.e., whether he possessed a weapon). The officers removed the handcuffs and administered medical attention immediately after learning of Richards's medical condition. Based on the record, the use of force was measured, brief, and appropriate to accomplish the purposes of the stop to: 1) secure Richards and his vehicle; 2) ensure that no criminal activity was afoot; and 3) preserve Richards's, the officers', and the public's safety in light of the circumstances. Richards's elderly condition is evidence that the amount of force employed was not reasonable, but it is not by itself sufficient for a jury to find that the officers' actions were unreasonable. In light of the officers' knowledge at the time of the events, the evidence does not prove that the officers' actions constituted excessive force.

Janis' further argues that she could prove that a genuine issue of material fact exists if she is permitted to engage in discovery. Qualified immunity is an immunity from suit, not simply from liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Its purpose is to "avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982)). Accordingly, "[u]nless

the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." Mitchell, 472 U.S. at 526. Janis claims to be seeking the following additional information: 1) what was demonstrated by the tape recordings of radio traffic between the people involved in the incident; 2) what the officers remember regarding the incident that is not contained in the police reports; 3) what Richards stated to officers at the scene; 4) what movements Richards made within his vehicle other than grabbing the steering wheel; 5) how long it took for officers to remove Richards; 6) whether the other officers involved remember the incident the same way as the two primary two officers; 7) what the training of each involved officer was; and 8) whether these officers required to participate in additional training because of other past incidents of excessive force.

However, Janis already possessed police reports of the incident, a transcript of the radio traffic between a highway patrol trooper who was involved in the pursuit and the dispatcher, and the daily activity report from the Fall River County Dispatcher. Janis also had affidavits from both officers involved in removing Richards from his vehicle. Finally, Janis had a videotape from one of the officers' vehicles that provided a partially obstructed view of the events that transpired when Richards was pulled over. Thus, the district court reasonably concluded that Janis already had much of the information she might have found with further discovery.

Accordingly, Janis failed to meet her burden of establishing that the amount of force used was objectively unreasonable. Therefore, the officers' actions do not constitute a violation of a constitutional right. Because we conclude that the officers' actions were reasonable, the claims against the other defendants cannot succeed. Kiser v. City of Huron, 219 F.3d 814, 816 (8th Cir. 2000).

B.  Motion to Stay

Janis asserts that the district court abused its discretion by denying plaintiff's motion to stay resolution of the summary judgment motion pending additional discovery.  "Federal Rule of Civil Procedure 56(f) allows a party defending against a summary judgment motion to request a court to postpone a decision until completion of adequate discovery."  Temporomandibular Joint Implant Recipients v. Dow Chem. Co., 113 F.3d 1484, 1490 (8th Cir. 1997).  Janis argues that the motion in this case was filed before the plaintiffs had a realistic opportunity to pursue discovery relating to its theory of the case.  "A party invoking [56(f)'s] protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  Willmar Poultry Co. v. Morton-Norwich Products, Inc., 520 F.2d 289, 297 (8th Cir. 1975).  Here, Janis fails to demonstrate that a postponement of a ruling on the motion for summary judgment, particularly in light of the affidavits and supporting materials previously submitted and the death of Mr. Richards, might reveal additional pertinent information.  We conclude that the district court did not abuse its discretion.

C.  Award of Costs

We review the awarding of costs for abuse of discretion.  Martin v. DaimlerChrysler Corp., 251 F.3d 691, 695 (8th Cir. 2001).  Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorneys' fees are to be awarded to the prevailing party unless the court otherwise directs.  Accordingly, Janis is required to overcome the presumption that defendants are entitled to costs.  Janis fails to meet this burden.  She fails to suggest a rationale under which the district court's actions constitute an abuse of discretion.  Accordingly, we affirm the award of costs.

## IV. Conclusion

The district court correctly granted summary judgment. The officers appropriately stopped and detained Richards to investigate whether he was driving under the influence of drugs or alcohol, and the amount of force used was objectively reasonable given the totality of the circumstances. Accordingly, we affirm the decision of the district court.

_____