**UNITED STATES of America, Appellee,**

v.

**Leon LEWIS, Appellant.**

**No. 92–3005.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 17, 1993.

Decided Aug. 18, 1993.

Michael Lawrence, St. Louis, MO, argued, for appellant.

Steven Holtshouser, St. Louis, MO, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

## PER CURIAM.

Leon Lewis appeals his convictions for possession with intent to distribute heroin and possession of a firearm during a drug trafficking crime. *See* 21 U.S.C. § 841(a)(1) (1988); 18 U.S.C. § 924(c) (1988). Lewis also appeals his guidelines sentence. We affirm.

At about 2:30 a.m., two University City, Missouri police officers stopped a van owned and driven by Lewis. The officers placed Lewis under arrest for driving with a suspended driver's license. The officers also searched the van's interior and found a loaded handgun under the rear seat. Because no one was available to drive the van, the van was towed from the scene and impounded. About six hours later, two other officers searched the van at the University City police station. The officers discovered a box containing a large quantity of heroin valued at $125,000 hidden in the engine compartment.

■ Initially, Lewis contends the district court committed error in denying his motion to suppress the handgun and the heroin because the arresting officers lacked a reasonable basis to stop his vehicle. We disagree. It is well established that a police officer has probable cause to stop a vehicle's driver for a traffic offense. *United States v. Cummins,* 920 F.2d 498, 500 (8th Cir.1990), *cert. denied,* — U.S. —, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991). Here, the arresting officers testified that Lewis's van was exceeding the speed limit. Although Lewis disputed the officers' testimony, the district court adopted the officers' version of the events. In these circumstances, we cannot say the district court's finding that the officers had probable cause to stop Lewis's van was clearly erroneous. *See Fairchild v. Lockhart,* 979 F.2d 636, 639 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 3051, 125 L.Ed.2d 735 (1993).

■ In a related argument, Lewis contends the district court should have granted his motion to suppress because the officers illegally searched his van at the scene and again at the police station. We cannot agree. Because Lewis does not challenge his arrest for driving with a suspended license, the search of the van's interior was a proper warrantless search incident to Lewis's lawful arrest. *United States v. Mays,* 982 F.2d 319, 322 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 1829, 123 L.Ed.2d 457 (1993). Also, Lewis does not challenge the district court's findings that his van was properly impounded and searched at the police station according to standardized inventory procedures. *See United States v. Marshall,* 986 F.2d 1171, 1174–75 (8th Cir.1993). Lewis nevertheless contends that because the police officers testified the van was searched for "things of value" or "any type [of] contraband," the inventory exception to the warrant requirement should not apply. The presence of an investigative motive, however, does not invalidate an otherwise valid inventory search. *Id.* at 1175–76. Having conducted the search of Lewis's van according to standardized inventory procedures, the officers' coexistent suspicions that incriminating evidence might be discovered did not invalidate their lawful inventory search.

■ We also reject Lewis's contention that the officers went beyond the scope of a permissible inventory search when they searched the van's engine compartment. Because Lewis had a bag of cocaine in his shirt pocket when he was arrested, the officers had ample justification to search all areas of the van where personal property might be found, to protect the public from persons who might find contraband drugs in the van. *See South Dakota v. Opperman,* 428 U.S. 364, 376 n. 10, 96 S.Ct. 3092, 3100 n. 10, 49 L.Ed.2d 1000 (1976); *Mays,* 982 F.2d at 321. Thus, the district court properly denied Lewis's suppression motion.

■ Lewis next contends the district court should have granted his motion for judgment of acquittal because the evidence at trial was insufficient to convict Lewis of the crimes charged. Our standard of review when considering the sufficiency of the evidence is well established and need not be repeated here. *See United States v. Brown,*

921 F.2d 785, 791 (8th Cir.1990). To support Lewis's conviction for possession of heroin with intent to distribute, the Government had to prove either actual or constructive possession and intent to distribute. *United States v. Brett*, 872 F.2d 1365, 1369 (8th Cir.), *cert. denied*, 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). Proof that Lewis was the owner, driver, and sole occupant of the van in which the heroin was discovered satisfied the constructive possession requirement, *see United States v. Thomas*, 992 F.2d 201, 204 (8th Cir.1993), and Lewis's intent to distribute could be inferred from the large quantity of heroin hidden in his van, *see Brown*, 921 F.2d at 792. Although Lewis contends there was not sufficient evidence to convict him of possessing a firearm in relation to a drug trafficking crime, a loaded handgun was found in Lewis's van, which also concealed the valuable stash of heroin. The jury was entitled to infer from this evidence and the "well recognized nexus between the drug trade and firearms" that Lewis possessed the firearm for the purposes of § 924(c). *Id.* at 793. Having satisfied ourselves that there was sufficient evidence to support Lewis's convictions, we conclude the district court properly denied Lewis's motion for judgment of acquittal.

Lewis also contends that a remark made by the prosecutor during closing argument that the jury "would want police officers [to be doing what they were doing]" denied Lewis a fair trial. Because Lewis did not preserve this issue by making a timely objection, we may review only for plain error. *United States v. Burk*, 912 F.2d 225, 229 (8th Cir.1990). In our view, the prosecutor's innocuous plea for law enforcement was not plain error.

Finally, Lewis contends the Government acted in bad faith by not moving for a substantial-assistance reduction to his sentence under U.S.S.G. § 5K1.1. A prosecutor's refusal to file a substantial-assistance motion is reviewable only when the defendant makes a substantial threshold showing that the refusal was based on an unconstitutional motive or that the refusal was irrational. *Wade v. United States*, — U.S. —, —, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d

524 (1992); *United States v. Romsey*, 975 F.2d 556, 557–58 (8th Cir.1992). Having failed to show the prosecutor refused to move for downward departure under U.S.S.G. 5K1.1 for an impermissible reason, Lewis is not entitled to a reduction in his sentence.

Having carefully considered all of Lewis's contentions, we affirm his convictions and his guidelines sentence.