16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Orangel VARGAS, also known as Paul Gonzalez, also known as
"Pinto," Appellant.
 No. 93-2217.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 29, 1993.
Filed: January 12, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD,Circuit Judges.
 PER CURIAM.
 
 
 1
 Orangel Vargas appeals the 262-month sentence imposed by the district court[1] after Vargas pleaded guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 2
 Vargas pleaded guilty pursuant to a plea agreement, and the government agreed to make a motion for a downward departure pursuant to 18 U.S.C. Sec. 3553(e) and U.S.S.G. Sec. 5K1.1 if he provided substantial assistance. At sentencing, Vargas argued that he believed the government had breached the plea agreement because he had provided substantial assistance and the government had not made a substantial-assistance motion. The government agreed that Vargas had been "debriefed" by special agents and that he had supplied some information; the government asserted, however, that none of the information had been fruitful and, therefore, it did not feel compelled to make a substantial-assistance motion. Vargas also asserted that the government did not act quickly enough on the information that he provided and it was not useful to the government because they allowed it to become "stale." He believed that, if the government had acted in a more timely manner, the information he provided would have been more useful. The government refuted his allegations. The district court concluded that it would not depart downward absent a motion from the government and sentenced Vargas at the bottom of the applicable Guidelines range.
 
 
 3
 Vargas now argues that the district court erred when it refused to review the government's failure to make a substantial-assistance motion. Vargas also argues that he is entitled to a sentence below the Guidelines range because he provided substantial assistance and the government did not act in a rational manner when it refused to make a substantial-assistance motion. He contends the government's reasons for not making a substantial-assistance motion were not rationally related to any legitimate government purpose.
 
 
 4
 It is well established "that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive"-"the defendant's race or religion," or a reason "not rationally related to any legitimate Governmental end." Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992). "A prosecutor's refusal to file a substantial-assistance motion is reviewable[, however,] only when the defendant makes a substantial threshold showing that the refusal was based on an unconstitutional motive or that the refusal was irrational." United States v. Lewis, 3 F.3d 252, 255 (8th Cir. 1993) (per curiam); see also United States v. Hammer, 3 F.3d 266, 271 (8th Cir. 1993) (district "court may inquire into the government's reasons and decide whether they were constitutionally improper, but only [after] defendant ... makes a 'substantial threshold showing' of impropriety") (quoting Wade, 112 U.S. at 1844).
 
 
 5
 While it is not clear that the district court understood its authority to review the government's refusal to make a substantial-assistance motion, we conclude any error was harmless because Vargas failed to make a substantial threshold showing that the refusal was based on an unconstitutional motive or that the refusal was irrational. Wade, 112 U.S. at 1844.
 
 
 6
 Accordingly, we affirm the judgment of the district court and deny Vargas's pro se motion to participate in oral argument.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri