_____

No. 96-1885
_____

United States of America,        *
                                *
      Appellee,          *  Appeal from the United States
                                *  District Court for the
   v.                  *  District of Nebraska.
                                *
Leslie William Pollington, III,  *
                                *
      Appellant.        *

_____

Submitted:  September 10, 1996

Filed:  October 1, 1996
_____

Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN,
    Circuit Judge.

_____

HENLEY, Senior Circuit Judge.

Leslie William Pollington, III appeals from a judgment of the district court[1] entered upon a conditional plea of guilty to possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  We affirm.

On March 29, 1995, after the fourth time Trooper Christopher Thompson saw the tires of a motor home go over the interstate shoulder line, he pulled the vehicle over.  On approaching the vehicle, Thompson smelled the strong odor of laundry detergent.  The driver, Tim Tooley, told Thompson that he had borrowed the

---

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

motor home so that he and Pollington, who was the passenger, could take a weekend trip from Michigan to Las Vegas. Tooley told Thompson that they had not slept in the motor home, but had borrowed it because he and Pollington each had only one car, and they did not want to leave their wives without cars. While Tooley was in the patrol car, Thompson told Tooley that contraband is sometimes found in borrowed or rented vehicles and asked if any contraband was in the motor home. Tooley said no and Thompson asked if he could search the vehicle. Tooley replied, "No problem." On searching the motor home, Thompson found a package containing marijuana. During a further search of the vehicle, troopers discovered about 191 pounds of marijuana.

Pollington moved to suppress. After a suppression hearing, which included the testimony of Thompson and a videotape of the traffic stop and search, the district court denied Pollington's motion to suppress. Pollington then entered a conditional guilty plea, reserving the right to challenge the district court's denial of his suppression motion.

On appeal, Pollington raises three issues. All are without merit. First, Pollington argues that the stop of the motor home was not supported by probable cause. At the suppression hearing, Thompson testified that he stopped the vehicle because it crossed the highway lines in violation of Neb. Rev. Stat. § 60-6, 142, which prohibits driving on the shoulder of the road. In Whren v. United States, 116 S. Ct. 1769, 1777 (1996), the Supreme Court recently confirmed that where an officer has probable cause to believe that a traffic violation has occurred, the stop of a vehicle is reasonable under the Fourth Amendment. See also United States v. Lowe, 9 F.3d 43, 45 (8th Cir. 1993) ("[W]when an officer observes a traffic offense--however minor--he has probable cause to stop the vehicle.") (internal quotation omitted), cert. denied, 510 U.S. 1181 (1994); United States v. Barahona, 990 F.2d 412, 416 (8th Cir. 1993) (lawful traffic stop where officer saw car driving

partially on shoulder of road).

Second, Pollington argues that the detention exceeded the scope of the stop. At the suppression hearing, Thompson testified that he had detained the occupants because he smelled laundry detergent, which he knew was commonly used by drug traffickers to mask the smell of narcotics; did not believe Tooley's story that he and Pollington had borrowed a gas-guzzling motor home to take a weekend trip from Michigan to Las Vegas; and observed that Tooley was nervous, avoided eye contact and shifted in his seat. These factors clearly gave rise to reasonable suspicion to support the detention of the motor home and its occupants. See United States v. Bloomfield, 40 F.3d 910, 918-19 (8th Cir. 1994) (en banc), (detention supported by reasonable suspicion where officer smelled strong masking odor and saw a pager and the defendant "fidget[ing]"), cert. denied, 115 S. Ct. 1970 (1995).

Last, Pollington argues that Tooley's consent to search was not voluntary. Given the totality of the circumstances, the district court did not err in finding that Tooley's consent to search was voluntary. See United States v. Chaidez, 906 F.2d 377, 381 (8th Cir. 1990) (listing relevant factors in determination of voluntariness of consent to search). Of special significance, we note that Tooley offered to open the motor home's back door to facilitate Thompson's search. See United States v. Gleason, 25 F.3d 605, 607 (8th Cir.) (consent to search could be inferred from fact defendant facilitated trooper's search), cert. denied, 115 S. Ct. 283 (1994); United States v. Armstrong, 16 F.3d 289, 295 (8th Cir. 1994) (consent voluntary where defendant cooperated in search). Contrary to Pollington's suggestion on appeal, written consent to search is unnecessary, Gleason, 25 F.3d at 607, and an officer need not inform an individual that he can refuse consent to search, Armstrong, 16 F.3d at 295.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.