# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1145

_____

United States of America,                    *
                                             *
           Appellee,                    *
                                             *    Appeal from the United States
    v.                                       *    District Court for the
                                             *    District of Nebraska.
Julmar N. Mallari,                           *
                                             *
           Appellant.                   *

_____

Submitted:  June 13, 2003

Filed: July 2, 2003

_____

Before RILEY and HEANEY, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

RILEY, Circuit Judge.

After denial of his motion to suppress, Julmar Mallari (Mallari) entered a conditional guilty plea to possession with intent to distribute methylene dioxy methamphetamine, or ecstasy, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (2000).  The ecstasy was discovered during a traffic stop of Mallari's vehicle.  Mallari sought suppression of the ecstasy, arguing the officer lacked either probable cause to

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

believe Mallari committed a traffic violation or reasonable suspicion of criminal activity to support the traffic stop. The district court[2] denied Mallari's motion to suppress. We affirm.

On December 1, 2001, at approximately 2:00 a.m., Officer Steven Worley (Officer Worley) observed Mallari operating a vehicle eastbound on Interstate 80 (1) without the rear licence plate illuminated and (2) crossing over the right shoulder lane divider three times. As Officer Worley approached Mallari's vehicle from the rear, he recognized the license plate was from California. Immediately after Officer Worley stopped the vehicle, he informed Mallari the reasons for the stop were a defective license plate light and driving on the shoulder. Additionally, Officer Worley stated he wanted to determine Mallari's fitness to drive. After issuing a citation for defective equipment because the rear license plate light bulb was missing, Officer Worley requested and received consent from Mallari to search the vehicle. The search uncovered a package of ecstasy concealed inside a computer.

In reviewing a denial of a motion to suppress, we review the district court's factual findings for clear error and review de novo the questions of law regarding probable cause and reasonable suspicion to stop a vehicle. United States v. Sanders, 196 F.3d 910, 912 (8th Cir. 1999) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). We have repeatedly held that "any traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver." United States v. Jones, 275 F.3d 673, 680 (8th Cir. 2001). "To determine whether a traffic stop was based on probable cause or was merely pretextual, an 'objective reasonableness' standard is applied." Id. An officer is justified in stopping a motorist when the officer "objectively has a reasonable basis for believing that the driver has

_____

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

breached a traffic law." United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996); see Sanders, 196 F.3d at 913 (officer's mistaken belief, but objectively reasonable basis for believing, that a traffic violation occurred supported traffic stop). Moreover, subjective intent is not determinative in deciding whether the stop was reasonable. See Whren v. United States, 517 U.S. 806, 813 (1996).

Nebraska law requires "[a]ll letters, numbers, printing, writing, and other identification marks upon such plates and certificate shall be kept clear and distinct and free from grease, dust, or other blurring matter, so that they shall be plainly visible at all times during daylight and under artificial light in the nighttime." Neb. Rev. Stat. § 60-324 (2002). Mallari argues the statute does not require a separate light bulb to illuminate the license plate, but merely requires the license plate be visible under some other artificial light, such as other motorist's headlights and streetlights. Officer Worley noticed the license plate was unlit, had trouble reading the licence plate number, and thereafter issued Mallari a repair violation for the missing light bulb. Under the circumstances presented, Officer Worley had an objectively reasonable basis for believing the driver had breached a traffic law.

Nebraska law also provides, "[n]o person shall drive on the shoulders of highways," except under certain circumstances which do not apply here. Neb. Rev. Stat. § 60-6,142. We agree with the district court that the circumstances here, weaving three times over the shoulder line in a short span of interstate, constitutes a violation of section 60-6,142 and probable cause to stop Mallari's vehicle. United States v. Pollington, 98 F.3d 341, 342 (8th Cir. 1996) (weaving four times over the interstate shoulder line violates section 60-6,142).

Additionally, the magistrate judge found, and the district court agreed, that Mallari's erratic driving on the interstate at 2:00 a.m. justified Officer Worley's concern that Mallari might be impaired. See United States v. Eisenberg, 807 F.2d 1446, 1450 (8th Cir. 1986) (reasonable suspicion of criminal activity supports the

-3-

stop of a moving vehicle for investigation). Under Nebraska law, an officer is justified in conducting an investigatory stop to ascertain a driver's capacity to operate a vehicle safely. See Nebraska v. Thomte, 413 N.W.2d 916, 919 (Neb. 1987) (holding a vehicle weaving twice in its own lane of traffic over the course of one mile provides reasonable suspicion for an investigation regarding the driver's condition in operating the weaving vehicle). We discern no clear error in finding that one reason for stopping Mallari's vehicle was Officer Worley's concern about Mallari's possible impairment. Officer Worley had a reasonable suspicion warranting an investigation of Mallari's condition to operate a vehicle.

For the reasons stated above, we affirm the district court's denial of Mallari's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.