# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2691

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Miguel Corona-Ramirez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2005
Filed: January 19, 2005

_____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

After a commercial wrecker failed to stop at a state weigh station, an Arkansas state trooper stopped the wrecker. The trooper became suspicious because the wrecker had New Mexico license plates, but was towing another truck with Georgia license plates. The driver stated he was being paid $4500 to tow the truck, which needed a new transmission and belonged to a passenger, Miguel Corona-Ramirez. The trooper believed the towing cost exceeded the truck's value and the cost to replace the transmission. The trooper also saw an abnormal gap between the truck's gas filler neck and left rear wheel, indicating a modification to lift the truck bed to hide contraband. After the trooper started a safety inspection and log check, the

driver and Corona-Ramirez signed forms consenting to a search of their trucks. Officers found fifty-six pounds of methamphetamine inside oxygen tanks in the towed truck.

The Government later filed drug charges against Corona-Ramirez. After the district court[*] denied Corona-Ramirez's motion to suppress, Corono-Ramirez conditionally pleaded guilty to possession with intent to distribute methamphetamine. Corona-Ramirez appeals the denial of his motion to suppress. In reviewing the denial of Corona-Ramirez's motion to suppress, we review the district court's factual findings for clear error and the district court's conclusions about probable cause and reasonable suspicion to stop the vehicle de novo. United States v. Mallari, 334 F.3d 765, 766 (8th Cir. 2003).

Corona-Ramirez first asserts the officer lacked probable cause to stop and search the vehicle. We agree with the district court that the trooper could reasonably believe the wrecker's driver violated state law when he failed to obey a sign directing trucks and commercial vehicles to stop at the weigh station. The traffic violation created probable cause to stop the wrecker's driver. United States v. Ramos-Caraballo, 375 F.3d 797, 800-01 (8th Cir. 2004).

Corona-Ramirez next argues the detention exceeded the proper scope of the traffic stop. As the district court concluded, the investigation and detention of the wrecker's occupants after the initial traffic stop were reasonable and lawful. The officers could expand the scope of investigation beyond the reason for the initial traffic stop as the circumstances and reasonable suspicion dictated. United States v. Foley, 206 F.3d 802, 806 (8th Cir. 2000). Almost immediately after stopping the wrecker, the trooper noticed suspicious factors about the vehicle and its occupants

---

[*]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

that increased as the trooper carried out the routine tasks associated with the traffic stop. These factors included the cost effectiveness of a New Mexico wrecker transporting a utility vehicle to Georgia to fix a transmission, a strong smell of air freshener, the presence of a radar detector, and presence of a Red Bull container, the lack of luggage or clothing for the multistate trip, Corona-Ramirez's avoidance of eye contact with the trooper, a locked tailgate on the truck, and modifications to the truck, including a hidden compartment under the wheel bed. The suspicious factors caused the trooper to form a reasonable suspicion that criminal drug activity might be afoot. The reasonable suspicion justified the trooper's questions about whether there were drugs in the vehicles and supported the trooper's requests for consent to search them. United States v. Pereira-Munoz, 59 F.3d 788, 791-92 (8th Cir. 1995). The twelve minutes that elapsed between the start of the traffic stop and the driver's consent to search the wrecker did not amount to an unreasonable period of detention. Corona-Ramirez consented to the search of his truck just a few minutes later.

Corona-Ramirez also asserts he did not validly consent to search the truck. The district court's finding that Corona-Ramirez's consent was voluntary is not clearly erroneous. United States v. Smith, 260 F.3d 922, 924 (8th Cir. 2001). When the trooper asked for consent to search the truck, he spoke to Corona-Ramirez in Spanish and obtained both verbal consent and written consent on a form written in Spanish. The trooper told Corona-Ramirez he had a right to withhold consent, made no promises or misrepresentations to him, and did not use any coercive tactics. Corona-Ramirez appeared to understand what the trooper was asking and his rights in connection with the request. Under the totality of the circumstances, the trooper could reasonably believe Corona-Ramirez consented to the search. United States v. Guerrero, 374 F.3d 584, 588 (8th Cir. 2004).

Corona-Ramirez last contends the scope of the search exceeded his consent to search his truck. Even if the search of the oxygen tanks exceeded the scope of the consent, the search was lawful because discoveries the officers made while acting

within the scope of the consent provided sufficient probable cause to search the entire vehicle and its contents. Probable cause to search an entire vehicle includes any containers located within the vehicle that could reasonably contain the object of the search. United States v. Wells, 347 F.3d 280, 287 (8th Cir. 2003); United States v. Alverez, 235 F.3d 1086, 1089 (8th Cir. 2000).

We thus affirm the district court's denial of Corona-Ramirez's motion to suppress.

_____