# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1439

———————

United States of America,

        Plaintiff-Appellee,

v.

Lorenzo Robledo, Jr.,

        Defendant-Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*     [UNPUBLISHED]
\*

———————

Submitted: June 13, 2006
Filed: June 21, 2006

———————

Before BYE, LAY, and RILEY, Circuit Judges.

———————

PER CURIAM.

Lorenzo Robledo, Jr. entered a conditional plea of guilty to possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), after the district court[1] denied his motion to suppress methamphetamine seized during the search of his vehicle following a traffic stop. Robledo appeals the denial of his motion to suppress, arguing the law enforcement

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the recommendation of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

officer lacked probable cause to believe Robledo committed a traffic violation. We affirm.

On the morning of March 3, 2005, Nebraska State Patrol Trooper Jeff Roby was patrolling Interstate 80 in Hall County, Nebraska. Trooper Roby testified he saw a vehicle, driven by Robledo, driving about 300 to 400 feet ahead of him move from the right lane to the passing lane on the left in order to pass another vehicle. After the vehicle passed, it moved from the passing lane back into the right lane. Trooper Roby stopped Robledo for failing to properly signal a return to the right lane because he did not engage the right turn signal until the two right wheels of the vehicle crossed the center line. Trooper Roby believed lane changes must be preceded by a signal operating for at least 100 feet and that a traffic violation had occurred.

After he was charged with possession with intent to distribute methamphetamine, Robledo filed a motion to suppress the evidence resulting from the traffic stop, arguing Trooper Roby lacked probable cause to stop his vehicle. The district court denied the motion on the grounds that it was reasonable for Trooper Roby to believe that an advance right signal was required. Robledo entered a conditional guilty plea, and now appeals the denial of the motion to suppress.

We review the district court's conclusions of law de novo and its findings of fact for clear error. *United States v. Williams*, 429 F.3d 767, 771 (8th Cir. 2005). This court has "repeatedly held that '*any* traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver.'" *United States v. Mallari*, 334 F.3d 765, 766 (8th Cir. 2003) (quoting *United States v. Jones*, 275 F.3d 673, 680 (8th Cir. 2001)). An officer may stop a driver when the "officer objectively has a reasonable basis for believing that the driver has breached a traffic law." *United States v. Thomas*, 93 F.3d 479, 485 (8th Cir. 1996).

Robledo asserts the failure to signal a change to the right lane after effecting a pass is not a violation of Nebraska law as set out in Neb. Rev. Stat. Ann. § 60-6,133. Section 60-6,133 provides in relevant part:

> (1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall first give a visible signal of his or her intention and shall pass to the left of the other vehicle at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle[.]

Robledo argues the statute does not require a signal when returning to the right lane after passing another vehicle, and therefore his failure to do so did not violate Nebraska law. Moreover, he argues Trooper Roby, as an experienced Nebraska State Patrol Trooper, was not reasonable in concluding that his actions were in violation of Nebraska law.

However, we agree with the district court that Robledo's argument ignores other pertinent Nebraska law governing signaling, which provides in relevant part:

> (1) No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in sections 60-6,162 and 60-6,163.

> (2) A signal of intention to turn or move right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.

Neb. Rev. Stat. Ann. § 60-6,161.

It is unnecessary for this court to decide whether Nebraska law requires a driver to signal at least 100 feet before a vehicle returns to the right lane after passing on the left. The question before us is merely whether Trooper Roby had an objectively reasonable basis for believing Robledo breached a traffic law. *See United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999); *see also United States v. Smart*, 393 F.3d 767, 770 (8th Cir. 2005) ("[T]he validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances, and in mistake cases the question is simply whether the mistake, whether of law or of fact, was an objectively reasonable one."). Regardless of whether Robledo actually violated the Nebraska statutes, in light of § 60-6,161 we cannot conclude that Trooper Roby's belief was unreasonable.

For the above stated reasons, we affirm.

_____