# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1617

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant,　　　　*
　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　　*　　Southern District of Iowa.
Jeffrey Allen McDonald,　　　　　 *
　　　　　　　　　　　　　　　　　*　　[UNPUBLISHED]
　　　　　　　　Appellee.　　　　 *

_____

Submitted: February 14, 2008
Filed: March 4, 2008

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

　　　This case is before us on remand from the United States Supreme Court for reconsideration in light of *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586 (Dec. 10, 2007).  After reconsidering McDonald's sentence as directed by the Supreme Court, we affirm the district court's sentence of 132 months' imprisonment.

The Government appealed to this court the sentence pronounced by the district court[1] after McDonald's plea of guilty to two counts of attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and one count of creating a substantial risk of harm to human life while manufacturing a controlled substance in violation of 21 U.S.C. § 858. The district court calculated an advisory sentencing guidelines range of 262 to 327 months and sentenced McDonald to 132 months' imprisonment. This court vacated McDonald's sentence and remanded for resentencing because the factors considered by the district court did not "constitute the type of compelling justifications necessary to justify a variance of the magnitude awarded here." Further discussion of the underlying facts in this matter may be found at *United States v. McDonald*, 461 F.3d 948 (8th Cir. 2006), *vacated*, 552 U.S. ---, 128 S. Ct. 856 (Jan. 7, 2008).

In *Gall*, the Supreme Court reiterated that we must review a district court's sentence under an abuse-of-discretion standard. *Gall*, 128 S. Ct. at 597. In conducting this review, we must "first ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed." *Id.* "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Furthermore, the Supreme Court "rejected 'an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range.'" *United States v. McGhee*, --- F.3d ---, 2008 WL 141168, at *1 (8th Cir. Jan. 16, 2008) (per curiam) (quoting *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 595 (Dec. 10, 2007)). "[W]e understand the Court's opinion in *Gall* also to preclude a requirement of 'extraordinary circumstances' to justify an 'extraordinary variance,' for that was

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

the only type of sentence outside the guidelines range to which this court had applied an 'extraordinary circumstances' requirement." *Id.* "Now bound by *Gall*, our standard of review is more deferential than when we employed the 'extraordinary circumstances' method." *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008).

In our previous opinion, we found that the district court's grant of a 130-month variance to McDonald was based on McDonald's work history and the district court's estimation of his likelihood of recidivism based on his age and the United States Sentencing Commission Recidivism Study. We held that these reasons were not "sufficient to support the extraordinary sentence reduction." *McDonald*, 461 F.3d at 953. The district court also considered McDonald's criminal history, his addiction to methamphetamine and his mental health problems, the need for treatment and rehabilitation, his daughter's death, his employment history, and the need to protect the public and impose a sentence that would minimize the likelihood of future criminal conduct. Under the "more deferential" abuse-of-discretion review outlined by the Supreme Court in *Gall*, we now find that the district court did not abuse its discretion in sentencing McDonald to 132 months' imprisonment. Accordingly, we affirm McDonald's sentence.

_____