# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3234

_____

United States of America

*Plaintiff - Appellee*

v.

George Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 11, 2015
Filed: July 29, 2015

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

George B. Harris challenges the denial of his motion to suppress. He argues that the search that uncovered the firearm in his car was an unlawful inventory. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

A Kansas City police officer stopped Harris for speeding. Before the stop, the officer saw him reaching below the driver's seat and center console. Approaching the

car, the officer smelled marijuana, but could not determine the source. The officer ordered Harris out of the car and soon found marijuana in Harris's wallet. Finding that Harris was driving with a revoked license, the officer arrested him. Because the car was parked on the left shoulder of a highway, the officer called for a tow truck. He inventoried the car, discovering a loaded 9mm semi-automatic handgun under the driver's seat. Harris admitted he was a convicted felon, knew the gun was in the car, and had handled it before.

Harris plead guilty to possessing a firearm after having been convicted of three previous violent felonies in violation of 18 U.S.C. § 922(g). He reserved the right to appeal the motion to suppress.

Reviewing the denial of a motion to suppress, the court reviews "the factual findings underlying the suppression ruling for clear error, and the court's legal conclusions de novo." *United States v. Arrocha*, 713 F.3d 1159, 1160 (8th Cir. 2013).

The Fourth Amendment protects "against unreasonable searches and seizures." **U.S. Const. Amend. IV**. The "ultimate standard set forth in the Fourth Amendment is reasonableness." *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973). Under a community caretaking function, the "authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). If the police seize a vehicle, "it is reasonable to search the container to itemize the property to be held by the police." *Id.* at 371.

Harris does not dispute the legality of the stop. He argues that the officer conducted the inventory as a pretext to seize evidence.

The district court[1] found that Harris's car was towed pursuant to police policy. The department's Procedural Instruction on Towing/Protective Custody of Vehicles states that, in the officer's discretion, a vehicle may be towed when the "driver of any vehicle is taken into custody by the police department and such vehicle would thereby be left unattended upon a street or highway." The city requires a content inventory for all towed vehicles. The tow-in report must describe, among other things, the vehicle, any damage to it, and its contents.

Harris asserts that the police officer had too much discretion in deciding whether to tow his vehicle. Nothing "prohibits the exercise of police discretion so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Colorado v. Bertine*, 479 U.S. 367, 375 (1987). *See **United States v. Petty**, 367 F.3d 1009, 1012 (8th Cir. 2004) ("an impoundment policy may allow some . . . exercise of judgment by a police officer when those decisions are based on concerns related to the purposes of an impoundment").

Harris further claims that the officer was really looking for incriminating evidence, not performing a caretaking function, because the officer believed he had probable cause to search for incriminating evidence based on the marijuana in Harris's wallet. "The police are not precluded from conducting inventory searches when they lawfully impound the vehicle of an individual that they also happen to suspect is involved in illegal activity." ***United States v. Pappas***, 452 F.3d 767, 771 (8th Cir. 2006). *See **Petty***, 367 F.3d at 1013 (same); ***United States v. Garner***, 181 F.3d 988, 991 (8th Cir. 1999) (same). Rather, when police are conducting "inventory searches according to such standardized policies, they may keep their eyes open for potentially incriminating items that they might discover in the course of an inventory

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

search, as long as their sole purpose is not to investigate a crime." ***United States v. Marshall***, 986 F.2d 1171, 1176 (8th Cir. 1993). "Something else must be present to suggest that the police were engaging in their criminal investigatory function, not their caretaking function, in searching the defendant's vehicle." ***United States v. Taylor***, 636 F.3d 461, 465 (8th Cir. 2011). In *Taylor*, that "something else" was the officer's admission that the *sole* basis for the traffic stop, arrest, towing and inventory search was her belief that the vehicle contained narcotics. *See **id.*** Here, Harris claims only that the police were motivated *in part* by the desire to search for evidence. An inventory search that follows standard police procedures is generally not a pretext to illegally obtain evidence. *See **id.*** at 464; ***Pappas***, 452 F.3d at 771 ("[a]n inventory search by police prior to the impoundment of a vehicle is generally a constitutionally reasonable search"). Harris had been taken into custody, and his parked car was a hazard to other vehicles. The district court properly concluded that Harris's car was towed pursuant to police policy (a standard criteria) and on the basis of safety (something other than suspicion of evidence of criminal activity).

Harris also asserts that the tow-in report does not list "one thing" found in his car and simply checks off eight areas of minor damage, showing a lack of interest and seriousness in the caretaking function. In fact, the tow-in report notes a radio and CD player in the car, as well as standard hubcaps. More importantly, Harris fails to note any errors in the report. Harris invokes the *Taylor* case. However, there the officer found hundreds of tools, several pieces of equipment, clothing, toiletries, and paper, but wrote only the two words "misc. tools" on the tow-in report. ***Taylor****,* 636 F.3d at 463. Here, there is no such evidence.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-4-