# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1810

_____

United States of America

*Plaintiff - Appellee*

v.

Alauna Gaye Morris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: November 16, 2018
Filed: February 8, 2019

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

Alauna Gaye Morris conditionally pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced her to 120 months' imprisonment. She appeals the denial of

_____

[1] The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the

her motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

In September 2016, Deputy Taylor of the Clay County Sheriff's Office ("CCSO") stopped a recreational vehicle driven by Morris to execute an arrest warrant. After the arrest, Deputy Taylor and another deputy impounded the RV. During an inventory search, they found marijuana, two glass pipes, and a digital scale. They did not complete the inventory, testifying it "didn't seem reasonable to continue searching" because parts of the RV were "inaccessible." The next day, with a search warrant, they found 69.5 grams of meth at her residence. The next week, with a search warrant, they found 138 grams of meth and $9,500 in cash in the RV.

Morris moved to suppress "all evidence and 'fruits of the poisonous tree' obtained as a result of the unlawful seizure and search" of her RV. After a suppression hearing, the magistrate judge recommended denying the motion. The district court adopted the magistrate's findings and recommendation. Morris appeals, arguing the inventory search was unlawful. Reviewing the denial of a motion to suppress, this court reviews "legal conclusions de novo and factual findings for clear error." *United States v. Woods*, 747 F.3d 552, 555 (8th Cir. 2014). "A credibility determination made by a district court after a hearing on the merits of a motion to suppress is virtually unassailable on appeal." *United States v. Frencher*, 503 F.3d 701, 701 (8th Cir. 2007) (internal quotation marks omitted).

---

Honorable Kelly K.E. Mahoney, United States Magistrate Judge for the Northern District of Iowa.

II.

Morris argues the government failed to prove the CCSO had a standardized policy for impounding and inventorying vehicles. The record does not contain a copy of the written policy because Morris objected to its admission at trial. However, Deputy Taylor testified about it. According to him, since August 2015, the CCSO has had a written policy about impounding and inventorying vehicles. It designates four times a deputy may impound a vehicle: (1) abandonment; (2) accident; (3) driver arrest; or (4) traffic hazard. The policy allows, but does not require, deputies to release a vehicle to a registered, insured driver. It is CCSO practice to release vehicles only to drivers present at the time of the stop.

Once impounded, the policy requires deputies to inventory a vehicle's contents, including the trunk, for items valued at $25 or more. Although not written in the policy, it is CCSO practice to inventory containers if deputies believe they may have items valued at $25 or more. The policy requires deputies to complete a full inventory unless unreasonable to do so.

The absence of the written policy in the record does not preclude establishing its content. "While a written policy may be preferable, testimony can be sufficient to establish police impoundment procedures." *United States v. Betterton*, 417 F.3d 826, 830 (8th Cir. 2005). Based on Deputy Taylor's testimony, the magistrate judge found that Deputy Taylor:

> [D]id follow the standardized criteria outlined in the written impound policy and the standard practices of the sheriff's office. Deputy Taylor was forthright when he testified. He is familiar with the practices of the sheriff's office, which were the same before and after the impound policy was written. I further credit Deputy Taylor's testimony about the policy and practices in light of his years of service with the sheriff's

office, his duties as a routine patrol deputy, and the fact that he impounds vehicles several times per week.

Adopting the magistrate's findings, the district court added, "Regarding his department's policy, Taylor was unwavering that he knew that the arrest of the vehicle driver and existence of a roadside hazard were two instances in which the policy allows officers to impound a vehicle." The district court did not err in finding the CCSO had an impoundment and inventory policy.

## III.

Morris next contends that either the deputies did not follow the policy or the policy contained "impermissible, unfettered discretion." "[A]n impoundment policy may allow some latitude and exercise of judgment by a police officer when those decisions are based on legitimate concerns related to the purposes of an impoundment." *Id.* (internal quotation marks omitted). The exercise of police discretion is not prohibited "so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Colorado v. Bertine*, 479 U.S. 367, 375 (1987).

The magistrate judge said:

I find that Deputy Taylor followed the sheriff's office's policy in deciding to impound Defendant's RV. Two conditions that allow for impoundment existed in this case: the driver had been arrested and there was no other available driver, and the RV posed a hazard. Each of these conditions serve legitimate law enforcement functions of community caretaking and providing for public safety.

This finding was not clear error.

Morris argues the deputies should have allowed her husband to pick up the vehicle rather than impounding it. However, "[n]othing in the Fourth Amendment requires a police department to allow an arrested person to arrange for another person to pick up his car to avoid impoundment and inventory." *United States v. Agofsky*, 20 F.3d 866, 873 (8th Cir. 1994). "Police may take protective custody of a vehicle when they have arrested its occupants, even if it is lawfully parked and poses no public safety hazard." *United States v. Arrocha*, 713 F.3d 1159, 1163 (8th Cir. 2013). While the deputies could have allowed Morris's husband to pick up the RV, they were not required to do so. The district court did not err in finding that "[g]iven the fact that Morris was arrested alone in a rural area, Taylor's decision to use his discretion to impound the vehicle was legitimate and reasonable."

The district court also did not err in finding the deputies followed the inventory policy without "impermissible, unfettered discretion." "Inventory searches are one of the well-defined exceptions to the warrant requirement of the Fourth Amendment." *United States v. Frasher*, 632 F.3d 450, 454 (8th Cir. 2011). "[I]nventory procedures serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Bertine*, 479 U.S. at 372. "The search must be reasonable in light of the totality of the circumstances." *United States v. Beal*, 430 F.3d 950, 954 (8th Cir. 2005).

Once impounded, the policy requires deputies to inventory the contents of the vehicle, including its trunk, for items valued at $25 or more. Consistent with the policy, two deputies inventoried the RV, compiling a list of items. During the inventory, they found marijuana and pipes in a closed sunglasses case, and a digital scale in a purse. Morris believes the inventory was improper because the policy does not address closed containers. This belief has no merit. Because the policy required an inventory of the entire vehicle, it was reasonable for the deputies to open containers believed to have items valued at $25 or more. *See United States v.*

-5-

*Wallace*, 102 F.3d 346, 349 (8th Cir. 1996) (holding that a "policy requiring inventory of the contents of a vehicle and any containers therein covers inventory of locked trunks"); *United States v. Como*, 53 F.3d 87, 92 (5th Cir. 1995) ("Allowing an officer to exercise his judgment based on concerns related to the objectives of an inventory search does not violate the Fourth Amendment."). As the magistrate judge found, "the deputies acted reasonably in looking inside Defendant's purse and the glasses case as both items could have likely contained items worth more than $25.00." The district court did not err in finding the inventory search complied with policy and was not unlawful.

The decision to terminate the inventory also complied with policy. As Deputy Taylor testified, the deputies "completed the inventory to the best of our ability." They terminated it not because they wanted to "apply for a search warrant," but because the back of the RV was a small, confined space, inaccessible due to the thorny plants, which Morris had described as "exotic." Rather than risk damaging the plants, they decided not to proceed. The magistrate judge found this testimony credible and "in line with the sheriff's office's inventory policy." This was not clear error.

The district court did not err in finding the deputies followed policy, reasonably exercising their discretion, when necessary, in impounding and inventorying the vehicle.

IV.

Morris maintains the district court erred in finding that "following a standardized policy excused the improper motive and subsequent search." "The police are not precluded from conducting inventory searches when they lawfully impound the vehicle of an individual that they also happen to suspect is involved in illegal activity." *United States v. Harris*, 795 F.3d 820, 822 (8th Cir. 2015). "Rather,

-6-

when police are conducting inventory searches according to such standardized policies, they may keep their eyes open for potentially incriminating items that they might discover in the course of an inventory search, as long as their sole purpose is not to investigate a crime." *Id.* (internal quotation marks omitted). "The search of a vehicle to inventory its contents must nevertheless be reasonable under the totality of the circumstances, and may not be 'a ruse for a general rummaging in order to discover incriminating evidence.'" *United States v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011), *quoting* *Florida v. Wells*, 495 U.S. 1, 4 (1990) (internal citation omitted). "The reasonableness requirement is met when an inventory search is conducted according to standardized police procedures, which generally remove the inference that the police have used inventory searches as a purposeful and general means of discovering evidence of a crime." *Id.* (internal quotation marks omitted). "Even if police fail to adhere to standardized procedures, the search is nevertheless reasonable provided it is not a pretext for an investigatory search." *Id.* at 465.

The policy required the deputies to inventory all items valued at $25 or more. During the inventory, the deputies found incriminating evidence. Their suspicion Morris was engaged in criminal activity does not establish that the sole purpose of the search was investigative. *See* *United States v. Pappas*, 452 F.3d 767, 771 (8th Cir. 2006) ("A valid traffic stop cannot be challenged, as Pappas alleges here, on the basis that the stop was actually a pretext for an investigation of another crime."). The district court did not err in finding that "Taylor was well within his department's policy to impound the vehicle for legitimate non-investigatory reasons."

\* \* \* \* \* \* \*

The judgment is affirmed.

_____