# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-3650
_____

United States of America

*Plaintiff - Appellee*

v.

George Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2019
Filed: July 5, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

PER CURIAM.

George Harris appeals his 105-month sentence, arguing that the district court[1] imposed a substantively unreasonable sentence. We affirm.

## I. *Background*

In 2013, Harris conditionally pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (a)(2). Prior to his plea, the government filed notice of the applicability of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Harris conditionally pleaded guilty and thus preserved his right to appeal both an underlying suppression issue and his status as an armed career criminal.

The presentence report (PSR) determined that Harris was an armed career criminal. This determination was based, in part, upon two prior Missouri second-degree burglary convictions. Based on Harris's status as an armed career criminal, his statutory range was not less than 15 years' imprisonment and not more than life imprisonment. His Guidelines range was 180 to 210 months' imprisonment. The district court then determined that Harris was an armed career criminal and sentenced him to 240 months' imprisonment, followed by five years' supervised release. On appeal, Harris challenged only the denial of his motion to suppress. *United States v. Harris*, 795 F.3d 820, 821 (8th Cir. 2015). This court affirmed. *Id*.

Subsequently, Harris moved to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* 28 U.S.C. § 2255. The district court granted Harris's motion, determining that Harris's second-degree burglary convictions no longer qualified as "violent felonies" under the ACCA. The district court ordered the preparation of an updated PSR. The updated PSR calculated

---

[1]The Honorable David Gregory Kays, then Chief United States District Judge for the Western District of Missouri, now United States District Judge for the Western District of Missouri.

a total offense level of 19 and a criminal history category of V, resulting in a Guidelines range of 57 to 71 months' imprisonment.

During Harris's resentencing, the district court adopted the revised Guidelines calculations. The court then described the facts it considered in pronouncing Harris's sentence. After stating that it had considered all of the factors set forth in 18 U.S.C. § 3553(a), the court then reviewed those factors with Harris.

The court first addressed the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a)(1). It labeled Harris's offense as "bad business." Resentencing Tr. at 15, *United States v. Harris*, No. 4:11-cr-00118-DGK-1 (W.D. Mo. May 5, 2017), ECF No. 325. The court also commented on Harris's criminal history and characteristics. *See* 18 U.S.C. § 3553(a)(1). It stated that "there's reasons we don't want George Harris to have a gun. He has a number of felonies and violent crimes." Resentencing Tr. at 15. The court then listed Harris's crimes: "Felony assault, second degree, causing injury to a lung, it looks like by stabbing. Assault misdemeanors, of stealing felonies, unlawful use of a weapon, . . . holding a knife to Tracy Jones' abdomen, threatening to kill her. Burglary second, felony; burglary second felony; assault third; resisting arrest; assault again." *Id*. at 15–16. The court considered these "many offenses" in determining the appropriate sentence. *Id*. at 16. In discussing the need to protect the public, *see* 18 U.S.C. § 3553(a)(2)(C), the court described these "numerous" offenses as "dangerous." *Id*. The court also stated that it considered "the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct." *Id*.

The court did not ignore Harris's rehabilitative efforts. The court credited Harris for his "good work" while in prison. *Id.* at 17. The court expressed "some confidence" in Harris's representation to the court that he was "going to work to change." *Id*. Nevertheless, based on Harris's "criminal history, . . . the nature of the crime, . . . the need to protect the public, [and] . . . the need of the deterrent effect,"

the court concluded that an upward variance from the Guidelines range was warranted. *Id*. at 18. The court then sentenced Harris to 110 months' imprisonment, followed by three years' supervised release.

Harris appealed his sentence. During the pendency of the appeal, the parties discovered an error in the Guidelines calculation.[2] The parties jointly moved to remand for resentencing. This court granted the motion, vacating Harris's sentence and remanding for resentencing.

Following remand, an updated PSR calculated a total offense level of 13 and a criminal history category of IV, resulting in a Guidelines range of 24 to 30 months' imprisonment. At resentencing, the district court acknowledged it had reviewed the prior resentencing transcript. The court noted that, during the prior hearing, it had "emphasize[d] that [G]uidelines don't drive this" and also made clear that just because the Guidelines calculation changed, that did not "give [Harris] automatically a different sentence. It's just one of the many things we look at." Second Resentencing Tr. at 3, *United States v. Harris*, No. 4:11-cr-00118-DGK-1 (W.D. Mo. Dec. 12, 2017), ECF No. 339. Consistent with the updated PSR, the court calculated a Guidelines range of 24 to 30 months' imprisonment.

After affording the parties an opportunity to speak, the district court then imposed Harris's sentence. The court commended Harris for going "to work in prison when really there wasn't a lot of benefit for" him to do so based on his 20-year sentence. *Id*. at 14. Among other things, the court recognized Harris's "great family support and friend support," which was "going to help" Harris. *Id*. at 15.

---

[2]The parties agreed that Harris's prior Missouri conviction for unlawful use of a weapon should not have counted in determining his base offense level due to the conviction's age.

But the court also considered Harris's "history and characteristics, the nature of the crime, the need to protect the public, the need for deterrence, [and] the need to avoid unwarranted sentence disparity among defendants with similar records." *Id*. The court emphasized that the offense of conviction was Harris's "sixth felony, which is significant" in conducting a disparity inquiry. *Id*. The court commented that Harris's last offense concerned "dope . . . and a gun" and that "those two things don't mix." *Id*. at 16. The court concluded that Harris's history of "very serious assaults" reflected Harris's "disrespect for the law." *Id*. And, the court noted that "it's hard to get around six felonies." *Id*.

Weighing the factors, the court again acknowledged that Harris had "helped" himself through his actions while in prison, *id.*, and had "been doing good stuff." *Id.* at 17. The court "want[ed] to make sure [Harris] underst[oo]d that that's considered" in the court's analysis. *Id*. The court then sentenced Harris to 105 months' imprisonment. In announcing the sentence, the court emphasized that "the [G]uidelines were just one part of this." *Id*. at 18. For clarity, the court stated that it had "considered all the factors under 18 U.S.C. [§] 3553(a)." *Id*. at 19. While it found "important" "Harris'[s] work in the . . . Bureau of Prisons," the court cited the "primary drivers" of Harris's sentence as "his criminal history and the nature of this crime." *Id*.

## II. *Discussion*

On appeal, Harris argues that his 105-month sentence—an upward variance from the Guidelines range of 24 to 30 months' imprisonment—is substantively unreasonable. Specifically, he contends that "[t]he district court was colored by its previous sentencings" and gave excessive weight to his criminal history, which "was already included in the [G]uidelines range calculation." Appellant's Br. at 9. According to Harris, "the district court cited no negative factors other than criminal history leading to its sentencing decision." *Id*. at 14. And, Harris maintains, his sentence is "significantly outside the national and regional norms for firearm

offenses." *Id.* at 15. He avers that the district court failed to consider his age, rehabilitation, and familial relationships in calculating his sentence.

We review the substantive reasonableness of a defendant's sentence for an abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

"The district judge must consider the § 3553(a) factors to determine the appropriate sentence, but does not need to mechanically recite the factors in the record." *United States v. Davenport*, 910 F.3d 1076, 1083 (8th Cir. 2018). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Because a "district court has discretion to rely more heavily on some sentencing factors than others, . . . a defendant challenging the district court's sentence 'must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors.'" *United States v. Long*, 906 F.3d 720, 727 (8th Cir. 2018) (quoting *United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam)). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

"A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (internal quotation omitted). We have "previously upheld comparable, and even larger, absolute month variances, in deference to the sentencing judge's 'institutional

advantage' in finding facts and judging their import under § 3553(a)." *Id.* at 1055 (citing *Gall*, 552 U.S. at 51–52; *United States v. Foy*, 617 F.3d 1029, 1038 (8th Cir. 2010) (affirming a 218–month upward variance); *United States v. Azure*, 596 F.3d 449, 456 (8th Cir. 2010) (affirming the district court's decision to run two sentences consecutively in order to achieve a 180–month sentence, which was 84 months above the top of the advisory Guidelines range for each count); *United States v. Dehghani*, 550 F.3d 716, 723 (8th Cir. 2008) (affirming an upward variance of 105 months to achieve a sentence of 432 months' imprisonment); *United States v. McDonald*, 267 F. App'x 477, 478–79 (8th Cir. 2008) (unpublished per curiam) (affirming a 130–month downward variance); *United States v. Larrabee*, 436 F.3d 890, 894 (8th Cir. 2006) (affirming an upward variance of 128 months)).

"Giving deference to the district court as required by *Gall*" and recognizing "the impermissibility of proportionality review after *Gall*," *id.*, we hold that Harris's 105-month sentence is not substantively unreasonable. The record shows that the district court considered the § 3553(a) factors and adequately explained Harris's sentence in light of those factors. The court discussed the mitigating factors weighing in favor of Harris and commended Harris for his rehabilitative efforts. Thereafter, however, the court identified § 3553(a) factors weighing against Harris, including Harris's history and characteristics, the nature and circumstances of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct while avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. After rendering Harris's sentence, the court reiterated it had considered Harris's Guidelines range, as well as "all" of the § 3553(a) factors, including the "primary" factors of Harris's criminal history and nature of the crime. Second Resentencing Tr. at 19.

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____