# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1241

———————————————

United States of America

*Plaintiff - Appellee*

v.

Charlie Foster

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: January 15, 2021
Filed: October 12, 2021

——————————

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

Springdale, Arkansas, Police Officer Stanley Johnson stopped a vehicle driven by Charlie Foster for having an unsafe windshield. During the course of the traffic stop, Officer Johnson directed Foster to get out of the vehicle and conducted a pat down search, in the course of which he discovered a handgun. Foster moved to suppress the discovery of the handgun, claiming the traffic stop lacked probable cause and was unreasonably extended when Officer Johnson asked for the occupants'

identification. The district court[1] denied the motion without holding an evidentiary hearing. Foster entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The written plea agreement reserved Foster's right to appeal the denial of his suppression motion. We have jurisdiction under 18 U.S.C. § 3731, and we affirm.

## I.    BACKGROUND

On March 5, 2019, Officer Johnson stopped Foster's black Toyota Avalon for "having an unsafe windshield (several cracks)."[2] After informing Foster of the reason for the stop, Officer Johnson asked Foster and his female companion for identification. Foster produced a driver's license but his companion denied having any identification and provided an identification that ultimately proved to be false. Officer Johnson observed that both occupants of the vehicle seemed nervous, reporting that Foster's hands were visibly shaking as he retrieved his driver's license. When Officer Johnson called in the information, dispatch informed him that Foster was on parole and an active arrest warrant existed for the passenger.

As Officer Johnson was walking back to Foster's vehicle, he observed the occupants moving around the inside of the vehicle. Officer Johnson commanded Foster to step out of the vehicle. Foster complied, but as he was exiting the vehicle he tugged his jacket down. When Officer Johnson conducted a safety pat down of Foster, he found a handgun in Foster's waistband. Methamphetamine was also found inside the car.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[2]As there was no evidentiary hearing, the facts were taken by the district court from Foster's moving papers. We do the same.

Foster moved to suppress the discovery of the handgun, asserting two grounds: (1) the initial traffic stop was without probable cause; and (2) the stop was unreasonably extended when Officer Johnson asked Foster and his passenger for identifying information.  The district court denied the motion to suppress and this appeal follows.

## II.  DISCUSSION

We review a denial of a motion to suppress applying *de novo* review to questions of law and clear error review to questions of fact.  United States v. Evans, 4 F.4th 633, 636 (8th Cir. 2021) (quoting United States v. Morris, 915 F.3d 552, 555 (8th Cir. 2019)).

At the outset, we address the case's procedural posture.  Although Foster requested that the district court hold an evidentiary hearing on his suppression motion, after the issue was fully briefed by both sides, the district court elected to rule, without conducting an evidentiary hearing, by assuming as true the facts as set forth in Foster's moving papers and supporting documents.

A district court is required to hold an evidentiary hearing on a motion to suppress whenever the moving papers are "sufficiently definite, specific, and detailed to establish a contested issue of fact."  United States v. Stevenson, 727 F.3d 826, 830 (8th Cir. 2013) (citing United States v. Mims, 812 F.2d 1068, 1073–74 (8th Cir. 1987)).  We review the district court's denial of a request for an evidentiary hearing for an abuse of discretion.  Id.  At oral argument, Foster's counsel stated: "I think I would agree with [opposing counsel]'s assessment that essentially what the court did was assume the facts that we stated to be true and so I think that it makes sense to treat those facts as if the court had had a hearing and those facts have been proven." Since neither party has actually disputed a fact at issue here on appeal, under these

particular circumstances, we find no abuse of discretion in the district court's decision to rule on the motion to suppress without a hearing.

Foster argues the traffic stop was invalid because Officer Johnson could not have reasonably believed the cracked windshield violated Arkansas law. A traffic stop constitutes a seizure under the Fourth Amendment and must be supported by either reasonable suspicion or probable cause. United States v. Hollins, 685 F.3d 703, 706 (8th Cir. 2012) (quoting United States v. Houston, 548 F.3d 1151, 1153 (8th Cir. 2008)). We have noted that any traffic violation, no matter how minor, is sufficient to provide an officer with probable cause. United States v. Hanel, 993 F.3d 540, 543 (8th Cir. 2021) (quoting United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir. 1994)). But, the officer must have "a reasonable basis for believing that the driver has breached a traffic law." United States v. Gordon, 741 F.3d 872, 876 (8th Cir. 2013) (internal quotations and citations omitted). An officer's mistake of law or fact may justify a stop so long as that mistake is objectively reasonable. Hanel, 993 F.3d at 543.

Officer Johnson saw a crack near the bottom of Foster's windshield, which the district court found, to a preponderance of the evidence, was observable in the photographs Foster submitted. The crack, however, did not go all the way across the windshield nor did it obstruct the driver's view. Arkansas law allows officers who have "reason to believe that a vehicle may have safety defects" to "stop the vehicle and inspect for safety defects." Ark. Code Ann. § 27-32-101(a)(2)(A). The Arkansas Supreme Court has held that "a windshield with a crack running from roof post to roof post across the driver's field of vision is the type of 'safety defect' contemplated by section 27-32-101(a)(2)(A)." Villanueva v. State, 426 S.W.3d 399, 402 (Ark. 2013).

Foster asserted below, as he does here, that Officer Johnson had no objective basis to believe that a violation was present because, unlike in Villanueva, the crack

in the windshield did not obstruct the driver's view. The district court rejected this assertion, determining that Officer Johnson's actions were objectively reasonable because he reasonably suspected that the windshield was a traffic violation and even if the officer was mistaken in believing the crack violated Arkansas law, the officer's mistake would be a reasonable one.

As we read the facts as found by the district court and adopted as uncontested by the parties here on appeal, the district court did not, and could not have, found that the crack in Foster's windshield violated Arkansas law. While the parties have framed the issue as a mistake of law claim, we believe that it is more appropriately analyzed as a mistake of fact claim.

The traffic stop was initiated because Officer Johnson saw Foster's windshield was cracked and believed it may have constituted a safety defect under Arkansas law. An officer's "incomplete initial observations may give reasonable suspicion for a traffic stop," even if subsequent examination reveals no traffic law violation. Hollins, 685 F.3d at 706. In Hollins, officers stopped a vehicle because they believed it did not have license plates but as they approached the vehicle they observed the presence of an in transit sticker such that there was no traffic violation. The Court in Hollins concluded that "although the officers were mistaken" about the vehicle's "registration status, their actions were objectively reasonable because they could not then see the In Transit sticker." Id. at 707; see United States v. Callarman, 273 F.3d 1284, 1287 (10th Cir. 2001) (finding traffic stop was supported by reasonable articulable suspicion because the size of the crack was large enough for the officer to believe that the crack obstructed the driver's view).

In light of Villanueva and the undisputed facts here, a reasonable officer could have believed on initial observation that the cracked windshield constituted a safety defect. While his initial observation turned out to be mistaken, Officer Johnson's

mistake of fact was an objectively reasonable one, and thus Foster was not unreasonably seized when Officer Johnson conducted the traffic stop.

Foster next contends Officer Johnson was obligated to terminate the stop and leave as soon as he observed the crack in the windshield did not, in fact, obstruct the driver's view. According to Foster, Officer Johnson's failure to do so unreasonably extended the stop. Foster's argument is foreclosed by our precedent, which binds the panel. See Hollins, 685 F.3d at 706–707 (noting that "reasonable investigation following a justifiable traffic stop may include asking for the driver's license and registration"); United States v Collier, 419 F. App'x 682, 684 (8th Cir. 2011) (stating that although traffic stop was initiated because registered owner had an outstanding warrant and when officer discovered she was not present, officer continued to have the authority to check the driver's license and registration); United States v. Allegree, 175 F.3d 648 (8th Cir. 1999) (determining the traffic stop based on mistaken belief that a car was unlawfully displaying emergency blue lights was sufficient to allow license and registration check).

Officer Johnson did not unlawfully expand the scope or extend the stop when he asked for identification from the occupants of the vehicle.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Foster's suppression motion.

_____