# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1706
_____

United States of America,

*Plaintiff - Appellee*,

v.

Ki-Jana Kolajuan Ivey,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 19, 2023
Filed: January 26, 2024
_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Ki-Jana Kolajuan Ivey entered a conditional guilty plea to unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Ivey appeals an order of the district court[*] denying his motion to suppress evidence. We affirm the order.

The gun charge arose from a traffic stop in April 2022. Officers stopped a vehicle for an expired registration, smelled alcohol inside the car, and observed an open alcohol container. During a search of the vehicle that is not challenged, officers found a gun under the front passenger seat where Ivey was seated. Ivey was a convicted felon at the time of the incident.

Ivey possessed a cell phone. Officers applied for a warrant to search the device for evidence related to firearms, ammunition, and possession and ownership of the seized firearm. The affidavit described the circumstances of the traffic stop, and the affiant explained that he had located a Facebook social media account in Ivey's name. The account displayed recent photos of Ivey; eleven months before the traffic stop, Ivey posted a photo of a firearm.

A magistrate judge issued the search warrant. Officers searched Ivey's phone and found a photograph and a video of Ivey in possession of a different pistol in each.

A grand jury charged Ivey with two counts of unlawful possession of a firearm as a felon. *See id.* Count I was based on the image and the video found on his cell phone. Count II was based on the firearm seized during the traffic stop.

---

[*]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

-2-

Ivey moved to suppress the evidence retrieved from his cell phone. The district court denied the motion. The court concluded that the warrant was supported by probable cause and was sufficiently particular to satisfy the Fourth Amendment.

Ivey then entered a conditional guilty plea to Count I, reserving the right to appeal the denial of his motion to suppress. *See* Fed. R. Crim. P. 11(a)(2). The government dismissed Count II. The district court imposed a sentence of 84 months' imprisonment. In evaluating the order denying Ivey's motion to suppress, we review the district court's factual findings for clear error and its legal determinations *de novo*. *United States v. Harris*, 795 F.3d 820, 821 (8th Cir. 2015).

Ivey argues that the district court should have excluded evidence seized from his phone because the affidavit did not establish probable cause to search. He also contends that the warrant was an impermissible general warrant.

Probable cause exists when the totality of circumstances shows "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). We review to determine whether the issuing magistrate judge had a substantial basis for concluding that probable cause existed. *Id.* at 238-39.

We conclude the affidavit adequately established probable cause that Ivey's cell phone would contain evidence of a firearms offense. Officers found the phone in Ivey's possession while he was located in a vehicle with a gun under his seat. The affiant explained that in his training and experience, offenders often use social media to talk about their crimes and to post images of their activities. Ivey's own Facebook account displayed a photograph of a firearm posted less than a year before the traffic stop. There was a fair probability that evidence connecting Ivey to a firearms offense would be present in his phone.

Ivey also asserts that the search warrant is invalid because it did not "particularly describ[e] the place to be searched." U.S. Const. amend. IV. The particularity requirement prevents officers from conducting "a general, exploratory rummaging of a person's belongings." *United States v. Saunders*, 957 F.2d 1488, 1491 (8th Cir. 1992) (internal quotation omitted). The requirement is one of "practical accuracy rather than a hypertechnical one." *United States v. Schave*, 55 F.4th 671, 675 (8th Cir. 2022) (internal quotation omitted). In assessing whether a warrant is sufficiently particular, we consider the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case. *Id.*

The warrant here specified the phone to be searched and identified the information to be seized. Evidence of the offense could have been found anywhere in the phone, and "a warrant need not be more specific than knowledge allows." *United States v. Bishop*, 910 F.3d 335, 337-38 (7th Cir. 2018). The possibility that Ivey's phone also contained information unrelated to the criminal investigation did not transform the warrant into an impermissible general warrant. *Lindell v. United States*, 82 F.4th 614, 620 (8th Cir. 2023).

For these reasons, we conclude that the district court properly denied Ivey's motion to suppress evidence. The order is affirmed.

_____

-4-