# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2922
_____

United States of America

*Plaintiff - Appellee*

v.

Darnell Keith Jones

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: December 15, 2025
Filed: April 3, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.
_____

PER CURIAM.

Ottumwa, Iowa Police officers responded to a disturbance call from a local apartment building. Officers entered the apartment and found Darnell Keith Jones. Jones's presence violated a court order forbidding his contact with the resident. The officers also saw evidence of marijuana use by Jones, including ash on his shirt and some of the drug in the refrigerator. The officers arrested Jones and seized his cellphone. Several days later, an investigator applied for a search warrant from a

state court judge to examine Jones's cellphone for evidence of drug trafficking. The investigator's affidavit detailed Jones's presence in the apartment and the marijuana found there. The investigator noted that Jones's criminal history included a marijuana offense. The investigator also noted that the quantity observed was consistent with distribution. The affidavit noted that drug dealers and drug users use cell phones in connection with their crimes. The judge issued the warrant.

The government downloaded the contents of the phone pursuant to the warrant and returned the phone to Jones. Later, officers applied for and obtained additional search warrants to further search the downloaded contents of the phone, Jones's Meta account, and his Snapchat account for evidence of human trafficking.

The phone search revealed incriminating evidence beyond drug use and drug trafficking. Based on the new evidence, the government charged Jones with multiple sex offenses, including sex trafficking and enticement of a minor. Jones filed a motion to suppress, which the district court[1] denied. Jones later conditionally pleaded guilty. In his plea, Jones reserved his right to appeal the court's denial of his motion to suppress. He now pursues this issue on appeal.

Jones contends that the investigator's affidavit supporting the initial search warrant failed to establish probable cause that officers would find evidence of drug trafficking on his phone. He further argues that the *Leon*[2] good-faith exception to the exclusionary rule ought not to apply. He avers that the affidavit was so deficient that no reasonable officer would have believed it sufficient. Relatedly, he argues that the district court should have excluded all the evidence found in the cell phone as fruit of the poisonous tree.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]*United States v. Leon*, 468 U.S. 897 (1984).

"Probable cause exists when the totality of the circumstances shows a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Ivey*, 91 F.4th 915, 917 (8th Cir. 2024) (citation modified). We must "determine whether the issuing magistrate judge had a substantial basis for concluding that probable cause existed." *Id.* "Though the issue of probable cause is reviewed de novo," *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009), we "pay great deference to the probable cause determinations of the issuing judge or magistrate, and limit our inquiry to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed," *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (citation modified).

"A supporting affidavit establishes probable cause to issue a search warrant if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States v. Mazzulla*, 932 F.3d 1091, 1098 (8th Cir. 2019) (citation modified). "Not only may an issuing judge 'draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant, we have also recognized that law enforcement officers may make reasonable inferences in preparing affidavits in support of a warrant.'" *United States v. Brackett*, 846 F.3d 987, 992 (8th Cir. 2017) (quoting *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000)).

When the issuing judge relies solely on the affidavit presented, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995) (quoting *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982)). Whether probable cause supports the issuance of the warrant is "based upon a common-sense reading of the entire affidavit." *United States v. Seidel*, 677 F.3d 334, 338 (8th Cir. 2012) (quoting *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir. 1982)).

Upon review, we affirm the district court's conclusion that the search warrant for Jones's cell phone was supported by probable cause. The affidavit described the officer's experience, the officers' interactions with Jones upon entry, the quantities of marijuana found in the apartment, and the connection between cellphone usage and illegal drug distribution.

Jones attacks the warrant as relying on an unsupported inference that he used his phone to distribute drugs. His attack fails. We have held it "reasonable to infer that cell phones found at a location associated with drug trafficking and on the person of an individual associated with drug trafficking had a fair probability of containing evidence of the crime." *United States v. Eggerson*, 999 F.3d 1121, 1127 (8th Cir. 2021) (citation modified).

He also argues that the affidavit failed to sufficiently draw a nexus between the phone and any criminal activity. The contents of the affidavit show otherwise. The affidavit noted his drug-related criminal history and mentioned that drug users and dealers commonly use their cell phones to further those activities. *See id.* at 1125 ("If firearms are tools of the drug trade . . . there is little reason to believe that cell phones are not." (citation modified)); *see also United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009) (discussing defendant's prior drug conviction in probable cause analysis). As we have previously noted, "[i]t would be unreasonable and impractical to demand that judges evaluating probable cause must turn a blind eye to the virtual certainty that drug dealers use cell phones." *Eggerson*, 999 F.3d at 1127. Jones argues that the affidavit used only boilerplate language, but "[w]e will not disturb a court's finding of probable cause 'unless there was no substantial basis for that finding.'" *Brackett*, 846 F.3d at 992 (quoting *United States v. Montgomery*, 527 F.3d 682, 686 (8th Cir. 2008)); *see Kaley v. United States*, 571 U.S. 320, 338 (2014) (noting that probable cause "is not a high bar").

On this record, we hold "that the magistrate had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (citation modified).

For the reasons discussed above, we affirm the district court denial of Jones's motion to suppress.[3]

———————————————

---

[3]Because the warrant issued here was valid, the *Leon* good-faith exception and the fruit of the poisonous tree doctrine are not implicated. *Cf. Leon*, 468 U.S. at 897; *United States v. Ortiz-Cervantes*, 868 F.3d 695, 702 (8th Cir. 2017) ("Under the good-faith exception, evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." (quoting *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)).